[Civil No. 949.   Filed March 30, 1906.]

[85 Pac. 1066.]

MANUEL SMITH, Defendant and Appellant, v. GRACE H. MANLOVE, Plaintiff and Appellee.

1. APPEAL AND ERROR—HARMLESS ERROR—RECORD—REVIEW—SCOPE.— Where the record on appeal is incomplete and fails to show that the judgment would have been different in regard to the validity of a tax-title, had the trial court been of the opinion that the law of 1901 instead of that of 1903 controlled, the correctness of the ruling as to which law was in force will not be reviewed.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. John H. Campbell, Judge. Affirmed.

The facts are stated in the opinion.

Charles Blenman, and William M. Lovell, for Appellant.

Frank H. Hereford, for Appellee.

KENT, C. J.—This was an action brought by the appellee to quiet her title to certain property as against the appellant, who claimed the same under a tax-deed. The trial court, upon the documentary and oral evidence presented to it, found the tax-deed to be illegal and void, and rendered judgment for the appellee; and from this judgment, and an order denying a motion for a new trial, an appeal has been taken.

The motion for a new trial is as follows: "Now comes the above-named defendant, Manuel Smith, and moves this honor-

able court for a new trial in this cause, and for grounds for said motion alleges: (1) That the evidence does not sustain the judgment. (2) That the judgment is contrary to the evidence. (3) That the judgment is contrary to law." The appellant has assigned as error: "(1) That the court erred in overruling defendant's motion for a new trial. (2) The evidence does not sustain the findings or judgment. (3) The findings of fact do not support the conclusions of law. (4) The conclusions of law and the judgment are contrary to law and the evidence." The abstract of record contains only the pleadings, the findings, the judgment, the minute entries, and the motion for a new trial. The evidence taken is not presented, either in the abstract or otherwise preserved, and is not before us, nor is there any bill of exceptions or statement of facts.

The appellant has discussed in his brief but one question, and that is whether the act of 1901, relating to the collection of delinquent taxes, or the act of 1903, in relation thereto, was in force at the time of the tax-sale, his contention being that it appears from the conclusion drawn by the court from its findings that the court was of the opinion that the act of 1903 was in force, and was therefore in error in rendering judgment for the plaintiff. If upon the insufficient assignment of error in that regard we should nevertheless consider the question, it would be of no avail in coming to a determination as to whether the court was right in the judgment rendered. If we should hold with the appellant that the act of 1903 had not gone into effect at the time of the sale, and the sale was therefore properly to be made under the provisions of the act of 1901, we would still have nothing before us to determine whether or not the trial court was right in the conclusions it arrived at, or in the judgment it rendered. The appellant says in his brief: "From the findings of fact it is submitted on behalf of the appellant that judgment must and would have been rendered in his favor had not the court below taken the view that the sale for delinquent taxes of the property, which was the subject of the action, should have been made and carried out under the new law of 1903."

We have nothing before us to show that judgment would have been rendered in favor of the appellant, except for the fact, as claimed, that the court thought the act of 1903 applied.

We think it probable from the language of one of the sub-divisions of the conclusions drawn by the court, that the court was of the opinion that the act of 1901 was not in force, but it by no means follows that the conclusions of the court that the tax-deed was void, and that the appellant had no title, were not based upon a failure of proof as to the regularity of the proceedings and upon the illegality of the deed in other respects, and even under the law of 1901. It is urged by the appellee that the findings show the illegality of the deed in several particulars, to which the appellant has made no reply; and the appellant fails to point out why the conclusions arrived at by the court, and the judgment rendered may not have been entirely proper upon the findings as made, even if the act of 1901 were in force at the time. Upon the record before us, we are not able to say that, from the findings as made, the court was not justified in its conclusions for reasons other than that the sale was made under a statute not in force. As a determination in his favor of the question presented by the appellant in his brief would not, upon the record before us, aid us in a determination as to whether the judgment of the trial court should be reversed, we deem it unnecessary to express any opinion as to the correctness of the appellant's position in that regard.

Upon the record before us, the judgment of the district court is affirmed.

SLOAN, J., DOAN, J., and NAVE, J., concur.